UNPUBLISHED

**UNITED STATES COURT OF APPEALS**

**FOR THE FOURTH CIRCUIT**

JOSEPH L. DANTONI, d/b/a The
Dantoni Company, d/b/a
Westminster Scientific,
Incorporated,
Plaintiff-Appellant,

v.

No. 96-1923

TIM TYLER, d/b/a Seaboard Milling
Company; MARY TYLER, d/b/a
Seaboard Milling Company; TIM
TYLER, President; HAROLD BUZZELL,
d/b/a Seaboard Milling Company,
Defendants-Appellees.

Appeal from the United States District Court
for the District of South Carolina, at Charleston.
Patrick Michael Duffy, District Judge.
(CA-94-200-2-23-J)

Submitted: July 8, 1997

Decided: September 4, 1997

Before WILKINS and NIEMEYER, Circuit Judges, and PHILLIPS,
Senior Circuit Judge.

_____

Affirmed by unpublished per curiam opinion.

_____

**COUNSEL**

Steven S. Biss, MALONEY, BARR & HUENNEKENS, Richmond,
Virginia, for Appellant. James D. Nance, HENDERSON & SALLEY,
Aiken, South Carolina, for Appellees.

Unpublished opinions are not binding precedent in this circuit. See Local Rule 36(c).

_____

**OPINION**

PER CURIAM:

Joseph L. Dantoni ("Dantoni") entered into an agreement with Tim Tyler ("Tyler"), in which Tyler agreed to manufacture and bag animal litter and Dantoni agreed to pay him the cost of the ingredients plus $60 per ton. Dantoni also shipped milling equipment to Tyler to use in the milling process. Relations deteriorated, and Tyler used Dantoni's equipment for purposes other than manufacturing animal litter for Dantoni; Dantoni failed to pay Tyler for some of the animal litter manufactured, and some of the litter bags were destroyed as they sat in Tyler's warehouse.

Dantoni filed a diversity action under 28 U.S.C.A.§ 1332 (West Supp. 1997), in federal district court alleging a breach of contract and conversion of his milling equipment and animal litter bags. Tyler counterclaimed seeking money owed under the parties' contract. At the close of Dantoni's evidence, the court granted Dantoni's motion for judgment as a matter of law on the conversion of his equipment claim but dismissed Dantoni's claim for conversion of the litter bags. Pursuant to the jury's findings, the district court entered a judgment finding for Dantoni on his contract claim (but awarding no damages) and awarding $6700 in actual damages to Dantoni on his conversion of equipment claim. The jury also awarded $6700 to Tyler for his breach of contract claim for animal litter he had manufactured but had not been paid for under the agreement.

On appeal, Dantoni alleges that (1) the district court erred by granting Tyler's motion for judgment as a matter of law dismissing his conversion of the litter bags claim; (2) the jury's award of $6700 to him is not supported by substantial evidence; and (3) he was overcharged by Tyler for animal litter manufactured. For the reasons that follow, we affirm.

2

A movant is entitled to a judgment as a matter of law "if the non-moving party failed to make a showing on an essential element of his case with respect to which he had the burden of proof." Singer v. Dungan, 45 F.3d 823, 827 (4th Cir. 1995) (citation omitted). Although this court's review of the decision to grant judgment as a matter of law is plenary, it is circumscribed because the court must view the evidence in the light most favorable to the nonmovant. See id. In South Carolina, conversion is defined as an "unauthorized assumption and exercise of the right of ownership over goods or personal chattels belonging to another, to the exclusion of the owner's rights." Owens v. Andrews Bank & Trust Co. , 220 S.E.2d 116, 119 (S.C. 1975) (citation omitted). We find that the district court properly dismissed Dantoni's action for conversion of the litter bags because the evidence at trial revealed Dantoni had free access to the bags but failed to pick them up. See id.

In his remaining claims, Dantoni attacks the $6700 verdict as too small and the $6700 verdict for Tyler as too large. We decline to disturb the judgment on that ground. See Compton v. Wyle Labs., 674 F.2d 206, 209 (4th Cir. 1982) (assessment of damages is entrusted to the jury and is not subject to appellate review unless unconscionable or motivated by extreme prejudice). Accordingly, we affirm. We dispense with oral argument because the facts and legal contentions are adequately presented in the materials before the court and argument would not aid the decisional process.

AFFIRMED

3